UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MUIR HEALTH, <br> Plaintiff, <br> v. <br> WINDSOR CAPITAL GROUP, INC., et al., <br> Defendants. | Case No. 17-cv-05911-JST <br><br> **ORDER DENYING MOTION TO DISMISS AND REMANDING CASE** <br> Re: ECF No. 7 |

Before the Court is Defendants' motion to dismiss this case as completely preempted by the Employment and Retirement Income Security Act ("ERISA"). ECF No. 7. Plaintiff opposes the motion and requests remand. ECF No. 22. The Court will deny Defendants' motion and grant Plaintiff's request for remand.

**I. BACKGROUND**

Plaintiff John Muir Health alleges that it provided "medically necessary, trauma services, supplies, and/or equipment" to a patient who was covered by a "health plan sponsored, administered and/or financed by" Defendants Windsor Capital Group, Inc. and Group Administrators, Ltd. ECF No. 1 at 10-11. John Muir alleges that "by its words and/or conduct," Defendants requested that John Muir provide such services, and that John Muir "reasonably believed it would be fully compensated by" Defendants. Id. at 12. John Muir further alleges that its "usual and customary charges" for these services was $121,831.42, but that Defendants paid only $11,895.38, "leaving a balance to be proven at trial but not less than $109,936.04, exclusive of interest." Id. at 11. The complaint asserts two causes of action under state law: quantum meruit and violation of California's unfair competition law, Cal. Bus. & Prof. Code §§ 17200 et seq. Id. at 12-14.

John Muir filed its complaint in the Superior Court of California for the County of Contra Costa. Id. at 8. Defendants removed the case to this Court based on their contention that John Muir's state law claims are completely preempted by ERISA Section 502(a), 29 U.S.C. § 1132(a), and that the Court therefore has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441. ECF No. 1 at 2-3.

Defendants now seek dismissal of the complaint based on complete ERISA preemption. ECF No. 7. John Muir opposes the motion and requests remand based on lack of jurisdiction. ECF No. 22. Defendants correctly observe that John Muir did not properly notice a motion for remand under the Civil Local Rules, but Defendants address the motion to remand in their reply because they "do not wish to have a determination on their Motion to Dismiss delayed." ECF No. 23 at 3. The Court finds it proper to consider the remand motion, even though it was not properly noticed, because the parties have had a full opportunity to be heard.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

2

## III. DISCUSSION

Complete ERISA preemption applies "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions." Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004). Conversely, where a plaintiff's claims are not based on an obligation under an ERISA plan, and would exist whether or not an ERISA plan existed, they are based on "other legal duties" within the meaning of Davila, and are not preempted. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 950 (9th Cir. 2009). Thus, for example, claims based on a written contract between a health care provider and an insurer are not completely preempted. Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc., 187 F.3d 1045, 1050-52 (9th Cir. 1999). Such claims "arise from the terms of their provider agreements and could not be asserted by their patient-assignors, are not claims for benefits under the terms of ERISA plans, and hence do not fall within § 502(a)(1)(B)." Id. at 1050. Likewise, where a hospital contends that an insurer "agreed to cover 90% of the patient's medical expenses" during a telephone call, the hospital's claims for payment based on that alleged oral contract are not completely preempted by ERISA because they "are in no way based on an obligation under an ERISA plan." Marin Gen. Hosp., 581 F.3d at 950. Plaintiff argues that Marin General Hospital is controlling here, requiring that the motion to dismiss be denied and the case remanded to state court.

Defendants attempt to distinguish Marin General Hospital by arguing – correctly – that John Muir does not allege the existence of a contract. ECF No. 23 at 5-6. However, as another court in this district explained when evaluating non-contract claims based "on state law payment standards for emergency and medically necessary services . . ., what was dispositive in Marin General Hospital was the fact that the hospital's claim stemmed from a non-ERISA obligation, not the particular source of that obligation." Cmty. Hosp. of the Monterey Peninsula v. Aetna Life Ins. Co., No. 5:14-CV-03903-PSG, 2015 WL 138197, at *2 (N.D. Cal. Jan. 9, 2015). In that case, as in this one, even though the plaintiff did not allege the existence of a contract, "the plaintiff is not suing as the assignee of an ERISA plan participant or beneficiary under Section 502(a)(1)(B),

and is not seeking benefits under an ERISA plan."[1] Id. at *3; see also Marin Gen. Hosp., 581 F.3d at 948 (explaining that the plaintiff "is not suing defendants based on any assignment from the patient of his rights under his ERISA plan pursuant to § 502(a)(1)(B); rather, it is suing in its own right pursuant to an independent obligation"). John Muir's claims "would exist whether or not an ERISA plan existed"; therefore, they do not satisfy the Davila test for complete ERISA preemption. Id. at 950.

The cases relied on by Defendants are distinguishable. In Sarkisyan v. Cigna Health, the plaintiffs alleged that the defendant "wrongfully denied coverage for a liver transplant that may have saved" the plaintiffs' daughter's life. 613 F. Supp. 2d 1199, 1201 (C.D. Cal. 2009). The court concluded that "CIGNA may be held liable pursuant to these claims only if Plaintiffs can prove that CIGNA's administration of the Sonic Benefit Plan was unlawful. Thus, CIGNA's liability under these claims would 'derive[] entirely from the particular rights and obligations established by the benefit plan[].'" Id. at 1208 (alterations in original) (quoting Davila, 542 U.S. at 213). Here, by contrast, Defendants' potential liability flows not from the ERISA plan but from "an independent legal relationship; namely, an implied-in-law contract between a medical provider and insurers." Coast Plaza Doctors Hosp. v. Ark. Blue Cross & Blue Shield, No. CV 10-06927 DDP (JEMx), 2011 WL 3756052, at *4 (C.D. Cal. Aug. 25, 2011) (explaining that "California courts . . . have held that medical providers and insurers are directly linked by an implied contract" (citing Bell v. Blue Cross of Cal., 131 Cal. App. 4th 211, 218 (2005)).

Similarly, the two causes of action found to be completely preempted by ERISA in Bay Area Surgical Management, LLC v. Blue Cross Blue Shield of Minnesota Inc. "arose from the medical insurance contract between the patient and Blue Cross" – i.e., an ERISA plan – and were based on allegations that Blue Cross failed to honor that written contract. No. 12-CV-0848-LHK, 2012 WL 2919388, at *4 (N.D. Cal. July 17, 2012). These causes of action were contained in the

---

[1] It is irrelevant whether, as Defendants assert, John Muir was the patient's assignee under an ERISA plan. ECF No. 23 at 4-5. Even if John Muir were the patient's assignee and could have brought a suit "for payments owed to the patient by virtue of the terms of the ERISA plan," this would not bar John Muir from "seeking additional payment under state law." Marin Gen. Hosp., 581 F.3d at 949.

original complaint, and the court determined that they were preempted as part of its analysis of whether the complaint was properly removed. Id. The plaintiff filed an amended complaint with state-law causes of action that did "not arise from the ERISA medical insurance contract between Blue Cross and the patient" and instead arose "from an alleged contract between Blue Cross and Bay Area" or "from representations made by Blue Cross to Bay Area." Id. at *5. The court concluded that the amended claims – which, like John Muir's, did not depend on an ERISA plan – were not completely preempted by ERISA and therefore did not arise under federal law. Id. at *5-8. Because the court also determined that it lacked diversity jurisdiction, it declined to exercise supplemental jurisdiction and remanded the case to state court. Id. at *9-11.

"A party seeking removal based on federal question jurisdiction must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction." Marin Gen. Hosp., 581 F.3d at 945. John Muir's claims "depend on an interpretation of state law, and do not in any way involve the interpretation of any ERISA plans administered by defendants." Cmty. Hosp. of the Monterey Peninsula, 2015 WL 138197, at *3. Consequently, they are not completely preempted by ERISA. Defendants do not assert any other basis for federal question jurisdiction, nor do they contend that the Court has diversity jurisdiction. The Court concludes that it lacks jurisdiction over this case and now remands it to state court.[2] See id. (remanding case after finding state law claims not preempted by ERISA Section 502); John Muir Health v. Cement Masons Health & Welfare Tr. Fund for N. Cal., 69 F. Supp. 3d 1010, 1021 (N.D. Cal. 2014) (same); Coast Plaza Doctors Hosp., 2011 WL 3756052, at *4 (same).

**CONCLUSION**

This case is remanded to the Superior Court of California for the County of Contra Costa.

---

[2] Defendants' reply also argues that John Muir's claims should be dismissed because they are subject to conflict preemption under ERISA and fail under state law. The Court does not reach these questions because it lacks jurisdiction over this case. In addition, "[i]t is inappropriate to consider arguments raised for the first time in a reply brief." Ass'n of Irritated Residents v. C & R Vanderham Dairy, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006).

5

Defendants' motion to dismiss is denied. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 4, 2017

_____
JON S. TIGAR
United States District Judge